1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNETTE SMITH,

                Plaintiff,

    vs.

COUNTY OF STANISLAUS,

                Defendant.

                         /

CASE NO. 1:11-cv-01655-LJO-SKO

**ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 7)

## INTRODUCTION

      This action arises from a Grand Jury investigation of plaintiff, Annette Smith ("Ms. Smith"), by defendants, the County of Stanislaus ("the County") and Does 1 through 20.[1]  Ms. Smith alleges that defendants conducted a Grand Jury investigation of her, in her capacity as a Patterson city council member, with the purpose of harming and/or having her removed from office.  Ms. Smith alleges that the investigation violated her due process rights, pursuant to 42 U.S.C. § 1983 ("section 1983").  The County seeks to dismiss Ms. Smith's complaint for failure to state a section 1983 claim against them, pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons discussed below, this Court GRANTS the County's motion to dismiss with leave to amend.

---

[1] The County and Does 1 through 20 will be referred to collectively as "defendants."

**BACKGROUND**

**Facts**[2]

Ms. Smith is a city council member for the City of Patterson. (Docket #1, ¶ 7). Sometime in the last year, the Grand Jury for the County conducted an investigation of certain council members including Ms. Smith. (Docket #1, ¶ 7). According to the complaint, the purpose of the investigation was to harm certain city council members and/or have them removed from office. (Docket #1, ¶ 8f). It is alleged that false claims were submitted to the Grand Jury, the Grand Jury adopted these false claims, and the false claims were published causing harm to Ms. Smith. (Docket #1, ¶ 8a). It is further alleged that the Grand Jury intentionally mislabeled statutory duties that Ms. Smith had toward the City of Patterson and asserted that there was a violation of fiduciary duty, when there was no fiduciary duty or violation. (Docket #1, ¶ 8d). Ms. Smith maintains that the Grand Jury further asserted that Ms. Smith violated California's Political Reform Act[3] when there was no such violation. (Docket #1, ¶ 8e). In addition, Ms. Smith alleges the Grand Jury refused to consider any exonerating evidence before it (Docket #1, ¶ 8b) and refused to disclose the names of the people who made the false statements against the council members (Docket #1, ¶ 8c). The complaint asserts the actions taken by the Grand Jury were pursuant to an official County policy. (Docket #1, ¶ 9). Further, it is alleged that the judge who supervised the Grand Jury was a member of the Board of Directors of an organization that employed another city council member, thus, there was a conflict of interest. (Docket #1, ¶ 8g).

**Procedural History**

On September 28, 2011, Ms. Smith commenced the instant action in this Court. (Docket #1). The complaint alleges that defendants are liable under section 1983 for violating plaintiff's due process rights. (Docket #1, ¶ 2, 8). Ms. Smith requests injunctive relief, the publication of Grand Jury transcripts, the issuance of revised findings by the Grand Jury, damages, and attorney's fees. (Docket

---

[2] The background facts are derived from the complaint. This Court accepts these allegations as true for purposes of the motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

[3] The complaint actually alleges that the Grand Jury "asserted violations of the FPPC by plaintiff" that were baseless. (Docket #1, ¶ 8e). The complaint does not define the acronym "FPPC." The Court believes that plaintiff is referring to California's Fair Political Practices Commission ("FPPC") whose enforcement division enforces the provisions of California's Political Reform Act.

#1, p. 3).

On December 12, 2011, the County filed a motion to dismiss Ms. Smith's complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  (Docket #7).  Ms. Smith opposed the motion, (Docket #11), and the County filed a reply (Docket #12).  The January 30, 2012, hearing or oral argument was vacated, pursuant to Local Rule 230(g).  Having considered the parties' arguments and the relevant law, this Court issues this order.

**DISCUSSION**

**I. Motion to Dismiss for Failure to State a Claim Standard**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

3

1    *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, "bare assertions...amount[ing]

2    to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true."

3    *Iqbal*, 129 S. Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions,

4    unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm*

5    *Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).  Moreover,

6    a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails

7    to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*,

8    181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or

9    inferential allegations respecting all the material elements necessary to sustain recovery under some

10   viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d

11   1101, 1106 (7th Cir. 1984)).  To the extent that the pleadings can be cured by the allegation of additional

12   facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. Northern*

13   *California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

14         With these standards in mind, this Court turns to the County's challenges to the allegations in

15   Ms. Smith's complaint.

16   **II. Failure to State a *Monell* Claim**

17         **A. Allegations Against Members of the Grand Jury**

18         The County contends that Ms. Smith has failed to state a *Monell* claim because the alleged

19   wrongful acts were performed by members of the Grand Jury.  The County asserts that Grand Jury

20   members are not employed by the County.  Therefore, the County cannot be liable for their actions.

21         "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right

22   secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation

23   was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442

24   F.3d 1178, 1185 (9th Cir. 2006).  Municipalities are included among those persons to whom section

25   1983 applies.  *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978).  Accordingly, section 1983

26   "imposes liability on a government that, under color of some official policy, causes an *employee* to

27   violate another's constitutional rights."  *Id.* at 691-92 (emphasis added) (internal quotation marks

28   omitted).  Thus, in order to state a *Monell* claim the plaintiff must allege that an employee of the

4

municipality violated his or her constitutional rights.  Grand Jury members are not employed by the County.  Rather, they are a group of "citizens of the county . . . sworn to inquire of public offenses committed or triable within the county."  Cal. Pen. Code § 888.  Accordingly, Ms. Smith has failed to state a municipal liability claim against the County because the alleged wrongful acts were performed by the Grand Jury and not municipal employees.  Therefore, Ms. Smith has entirely failed to allege that the County caused one of its own employees to violate her constitutional rights.

**B. Failure to Allege a Municipal Policy**

Additionally, the County argues that Ms. Smith has failed to state a *Monell* claim because she fails to allege facts to show that the alleged wrongful acts were anything more than an isolated incident. In other words, the County maintains that Ms. Smith has failed to show that the Grand Jury acted pursuant to a municipal policy.

In order to state a section 1983 claim against a municipality, the plaintiff must allege that the "execution of a government's policy or custom . . .inflict[ed] the injury."  *Monell*, 436 U.S. at 694. Conclusory, "threadbare" allegations that merely recite the elements of a cause of action will not defeat a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1949-50; *see also Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) ("in light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e., 'bare allegations') is no longer viable.").  Accordingly, a conclusory allegation regarding the existence of a policy or custom unsupported by factual allegations is insufficient to state a *Monell* claim.  For example, in *Via v. City of Fairfield*, No. CIV. 2:10-3202, 2011 WL 2441471, at *4 (E.D. Cal. June 13, 2011), plaintiff alleged that:

> [T]he acts . . . alleged in the Complaint . . .are indicative and representative of a repeated course of conduct by members of the CITY OF FAIRFIELD Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens . . . [T]he damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the . . . FAIRFIELD Police Department.

The district court granted defendants' motion to dismiss plaintiff's *Monell* claim based on its determination that the above allegation was conclusory and lacked factual content regarding the City's alleged policy.  *Id.*; *see also Telles v. City of Waterford*, No. 1:10-cv-00982, 2010 WL 5314360, at *4

1    (E.D. Cal. Dec. 20, 2010) (to sufficiently state a claim under *Monell*, plaintiff must allege facts

2    establishing a policy, it is not enough simply to state that there is a policy); *Jenkins v. Humboldt County*,

3    No. C 09-5899, 2010 WL 1267113, at *3 (N.D. Cal. March 29, 2010) (same).

4         Here, Ms. Smith alleges that, "[t]he action taken was official policy of the County of Stanislaus."

5    (Docket #1, ¶ 9).  The complaint is devoid of any facts establishing the existence of the alleged policy.

6    Accordingly, Ms. Smith has failed to state a *Monell* claim.  *See Iqbal*, 129 S. Ct. at 1949-50 (conclusory,

7    "threadbare" allegations that merely recite the elements of a cause of action will not defeat a motion to

8    dismiss). Ms. Smith's attempt to provide further detail as to the influence of County policy on the Grand

9    Jury in her opposition are unavailing, as it is the complaint that must contain sufficient factual

10   allegations.

11       **C.  Failure to Identify Official with Final Policy-Making Authority**

12        Finally, the County contends that Ms. Smith has failed to identify any person with policymaking

13   authority who was responsible for the alleged policy.

14        A section 1983 plaintiff may establish municipal liability in one of three ways.  First, the plaintiff

15   may prove that a municipal employee committed a constitutional violation pursuant to a formal

16   governmental policy or custom.  *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam).

17   Second, the plaintiff may establish that the constitutional tort was committed by an official with "final

18   policy-making authority" thus, the challenged action itself constituted an act of official governmental

19   policy.  *Id.*; *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986).  Third, the plaintiff

20   may prove that an official, with final policy-making authority, ratified a subordinate's unconstitutional

21   decision or action and the basis for it.  *Gillette*, 979 F.2d at 1346-47; *see also City of St. Louis v.

22   Praprotnik*, 485 U.S. 112, 127 (1988) (plurality opinion).

23        To the extent that Ms. Smith proceeds on the theory that the alleged wrongful acts were

24   committed by an official with "final policy-making authority" or that an official with "final policy-

25   making authority" ratified the Grand Jury's alleged wrongful acts, Ms. Smith has failed to identify the

26   official with "final policy-making authority." Accordingly, Ms. Smith has failed to state a *Monell* claim.

27   *See Gillette*, 979 F.2d at 1346 (plaintiff may establish municipal liability by showing that an official with

28   "final policy-making authority" committed a constitutional tort or ratified a subordinate's

unconstitutional decision).

This Court GRANTS the County's motion to dismiss Ms. Smith's complaint with leave to amend.

**CONCLUSION AND ORDER**

For the reasons set forth above, this Court GRANTS the County's motion to dismiss Ms. Smith's complaint with leave to amend.  Ms. Smith shall have one opportunity to amend her complaint.  Any such amended complaint is due within thirty (30) days of electronic service of this order.  This Court is beyond busy.  Amend only if the facts to be alleged exist, and the law cited herein is followed.

IT IS SO ORDERED.

**Dated:    January 25, 2012**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE