IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE SMITH, | CASE NO. CV 11-1655-LJO-SKO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 16) |
| vs. | |
| COUNTY OF STANISLAUS, | |
| Defendant. | |

## INTRODUCTION

This action arises from a Grand Jury investigation of plaintiff Annette Smith ("Ms. Smith"), by defendant County of Stanislaus ("the County").[1] Ms. Smith alleges that defendants conducted a Grand Jury investigation of her, in her capacity as a Patterson city council member, with the purpose of harming and/or having her removed from office. Ms. Smith alleges that the investigation violated her due process rights, pursuant to 42 U.S.C. § 1983 ("section 1983"). The County seeks to dismiss Ms. Smith's complaint for failure to state a section 1983 claim against them, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, this Court GRANTS the County's motion to dismiss without leave to amend.

---

[1] Ms. Smith also names Doe defendants in her amended complaint.

1

# Background

## Facts[2]

Ms. Smith is a city council member for the City of Patterson. For improper reasons, the County civil grand jury conducted an investigation of certain city council members, including Ms. Smith. Ms. Smith asserts that the means and manner of the investigation, and lack of investigation, violated her due process and equal protection for the following reasons:

1. False claims were submitted to the grand jury and the grand jury adopted false claims without conducting a minimally appropriate investigation. Ms. Smith contends that even a minimal investigation would have revealed the false allegations to be false.

2. The grand jury consciously refused to consider any exonerating evidence, including testimony presented by Ms. Smith and others. Ms. Smith contends that the grand jury refused to consider exonerating evidence because the true purpose of the proceeding was to destroy the reputation of Ms. Smith, rather than to conduct a true investigation.

3. Although the grand jury made the report public, it did not disclose the names of the parties who made false accusations against Ms. Smith. Because the names were not disclosed, it was impossible for Ms. Smith to repudiate the false claims in any meaningful fashion.

On June 27, 2011, the County civil grand jury submitted a report labeled "Case 11-01C et seq." which involved the City of Patterson. Although the report did not identify the subjects of the investigation, sufficient information was provided to make clear that the person identified as "council member A" was Ms. Smith and was the subject of the investigation. Ms. Smith alleges that the grand jury wrongfully and falsely made the following misstatement of facts in the report:

1. Nine separate complaints were received and many of the complaint contained multiple accusations and allegations of wrongful actions naming specific members within the City of Patterson's political sphere.

2. It was determined falsely that Ms. Smith was in arrears of rental payments and some fees

---

[2] The background facts are derived from the complaint. This Court accepts these allegations as true for purposes of the motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

|    |    |                                                                                                    |
|----|----|----------------------------------------------------------------------------------------------------|
|    |    | were written off as a political favor or a bribe to a person who had business with the City of Patterson grand jury. |
|    | 3. | It was determined falsely that Ms. Smith failed to disclose that her landlord brought items involving significant revenue to the attention of city council and as a result, Ms. Smith failed to recuse herself from voting on these issues. |
|    | 4. | The grand jury report falsely indicates that Ms. Smith participated in the termination of the immediate past city manager and immediate past community development director. |
|    | 5. | The grand jury report also sets forth that Ms. Smith wrongfully voted to give back non-verified funds of attorneys fees incurred. |
|    | 6. | The report claimed falsely that Ms. Smith attempted to use political influence and disregarded for fiduciary duties in an effort to interfere with the relocation of a health facility. |

Ms. Smith contends that these findings were patently false. Ms. Smith alleges that never received funds from any unlawful source and never voted on any issue which she should not have voted on. In addition, Ms Smith was never improperly influenced by any action by her landlord or anyone else. Ms. Smith contends that the grand jury intentionally mislabeled her duties as a city councilperson, because she never owed a fiduciary duty to the city.

Ms. Smith contends that the grand jury action was the official policy of the County by employees of the County and under the direction and control of the persons in charge of the legal department and political departments of the County.

Ms. Smith requests injunctive relief, the publication of grand jury transcripts, the issuance of revised findings by the grand jury, damages for emotional distress, and attorney's fees.

**Procedural History**

On September 28, 2011, Ms. Smith commenced this action. County moved to dismiss Ms. Smith's complaint on December12, 2012. After the motion was fully briefed, the Court issued a January 26, 2012 order dismissing Ms. Smith's complaint ("Order to Dismiss"). In the Order to Dismiss, this Court ruled that Ms. Smith had failed to identify any County employee who had violated her rights, failed to allege a municipal policy against the County that was the cause of her purported injuries, and

failed to identify any County official with policymaking authority who was responsible for the alleged County policies. The Court dismissed the complaint, but granted Ms. Smith leave to amend. In its Order to Dismiss this Court specified:

> Ms. Smith shall have one opportunity to amend her complaint. Any such amended complaint is due within thirty (30) days of electronic service of this order. This Court is beyond busy. Amend only if the facts to be alleged exist, and the law cited herein is followed.

Order to Dismiss, p. 7. Ms. Smith filed an amended complaint on February 28, 2012.

The County moved to dismiss Ms. Smith's amended complaint on March 16, 2012. The County argues that Ms. Smith's amended complaint fails on multiple grounds. First, the County argues that the amended complaint is untimely. Second, the County contends that the amended complaint still fails to establish that any County employee violated her civil rights. Third, the County argues that Ms. Smith's amended complaint again fails to identify a particular policy by which her rights were violated pursuant to *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). For these reasons, the County moved to dismiss Ms. Smith's amended complaint with prejudice.

Ms. Smith opposed the motion on April 2, 2012. Ms. Smith contends that the amended complaint was filed timely. In addition, Ms. Smith maintains that she has established her section 1983 claim against the County, because grand jury members are County "employees," the grand jury report is an unlawful "custom or policy" of the County, and the actions of the grand jury violated her due process rights.

The County filed a reply on April 10, 2012. The County maintains that Ms. Smith's amended complaint was untimely. In addition, the County argues that Ms. Smith has failed to establish that the members of the grand jury were agents or employees of the County or that the County had a policy, practice or custom that violated her Constitutional rights.

Having considered the parties arguments and the relevant legal authority, this Court finds this motion suitable for a decision without a hearing. Accordingly, this Court vacates the April 17, 2012 hearing on this motion pursuant to Local Rule 230(g), and issues this order.

## STANDARD OF REVIEW

The County moves to dismiss Ms. Smith's amended complaint pursuant to Fed. R. Civ. P.

12(b)(6). A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or

1  inferential allegations respecting all the material elements necessary to sustain recovery under some
2  viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d
3  1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional
4  facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern*
5  *California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

6  With these standards in mind, this Court turns to the County's challenges to Ms. Smith's
7  amended complaint.

### DISCUSSION

### Whether Ms. Smith's Amended Complaint was Timely

10  In its Order to Dismiss, this Court ordered Ms. Smith to file her amended complaint "within 30
11  days from the date of electronic service of the order". The order was electronically served on January
12  26, 2012. The County argues that the amended complaint was due no later than February 25, 2012 to
13  fit within the 30 days. Because February 25, 2012 was a Saturday, the County concedes that the
14  amended complaint was due on February 27, 2012. The County submits that the amended complaint
15  was untimely when it was filed on February 28, 2012.

16  Ms. Smith points out that Order to Dismiss docket minutes, entered by the clerk of this Court,
17  indicate that the amended complaint was due on February 28, 2012. Ms. Smith contends that the clerk
18  of court must have calculated this date based on the three day mailing rule in federal court. Ms. Smith
19  argues that because the docket indicates a due date of February 28, 2012, the amended complaint filed
20  on that date was timely.

21  This Court agrees with Ms. Smith. The docket entry indicates that the amended complaint was
22  due to be filed on February 28, 2012. Because the complaint was filed on that date, it was filed in a
23  timely manner. Accordingly, the County's motion to dismiss on timeliness grounds is denied.

### Whether Ms. Smith Properly Alleged Action by an Employee of County

25  The County argues that Ms. Smith's section 1983 claim fails because she failed to allege that her
26  rights were violated by a person acting under the color of state law. Specifically, the County argues that
27  Ms. Smith's claim fails to the extent Ms. Smith relies on the actions of the members of the grand jury,
28  because the grand jury is a function of the Superior Court, and, therefore the State of California, and not

the County.  The County argues that because the grand jury is a function of the Superior Court, which is an arm of the state, her section 1983 claim is barred by the 11th Amendment to the United States Constitution. *Francheschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) (11th Amendment bars suit against the state and arms of the state).  The County further argues that as an arm of the Superior Court, the grand jury is protected by judicial immunity. *See, Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (court protected by judicial immunity).

Ms. Smith counters that while the grand jury may be a part of the court system by which it is convened, the grand jury members are employees of the County.  Ms. Smith contends that grand jury members are directed by and under the control of other County employees, including the County Counsel. Ms. Smith contends that because the grand jury members are County employees, the County's 11th Amendment argument is inapposite, and she has stated a section 1983 claim properly.

To state a section 1983 claim against members of the grand jury, Ms. Smith must plead two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by persons acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Ms. Smith alleges that members of the grand jury violated her due process rights.  The parties dispute whether Ms. Smith has alleged properly that her rights were violated by a person acting under the color of State law who is not immune from suit pursuant to the 11th Amendment or judicial immunity.

Pursuant to well-settled law, the grand jury is an arm of the Superior Court, not the County.  A grand jury is "a body of the required number of persons returned from the citizens of the county *before a court of competent jurisdiction*." Cal. Pen. Code § 888 (emphasis added).  "As this section indicates, and as the California precedents have long recognized, the grand jury is a 'judicial body,' [and an] 'an instrumentality of the courts of this state." *Dustin v. Sup. Ct.*, 99 Cal. App. 4th 1311, 1321 (2002) (citations omitted). "There is no doubt that a grand jury is part of the court by which it is convened, and that it is under the control of the court[.]" *People v. Sup. Ct. of Santa Barbara County*, 13 Cal.3d 430, 438 (1975).  As an arm of the Superior Court of California, the grand jury is an arm of the state, not the County.  "Although the County does pay most of the Superior Court's bills, state case law and constitutional provisions make clear that the Court is a State agency." *Greater Los Angeles Council on*

*Deafness v. Zolin*, 812 F.3d 1103, 1110 (9th Cir. 1987).

The 11th Amendment bars lawsuits against the Superior Court. *Id*. Because the grand jury is an instrumentality of the Superior Court, which is a part of the State of California, the 11th Amendment also bars lawsuits against members of the grand jury. *See id*. Accordingly, Ms. Smith cannot pursuant a section 1983 claim against members of the grand jury, because her claim is barred by the 11th Amendment.

Similarly, Ms. Smith fails to state a *Monell* claim against the County because her claim is based on the actions of the grand jury, not County employees. Section 1983 "imposes liability on a government that, under color of some official policy, causes an *employee* to violate another's constitutional rights." *Monell,* 436 U.S. at 691-92 (emphasis added) (internal quotation marks omitted). To state a *Monell* claim against the County, Ms. Smith must allege that an employee of the County violated her constitutional rights. As set forth above, however, grand jury members are not County employees. Accordingly, Ms. Smith has failed to state a *Monell* claim against the County, because the alleged wrongful acts were performed by the grand jury members, not County employees.

**Whether Ms. Smith Alleged a County "Policy or Custom"**

The County argues that Ms. Smith's *Monell* claim against the County also fails, because she fails to identify a County "custom or policy" that violated her Constitutional due process rights. To state a section 1983 claim against the County, the plaintiff must allege that the "execution of a government's policy or custom . . . inflict[ed] the injury." *Monell*, 436 U.S. at 694. Conclusory, "threadbare" allegations that merely recite the elements of a cause of action will not defeat a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50; *see also Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) ("in light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e., 'bare allegations') is no longer viable."). Accordingly, a conclusory allegation regarding the existence of a policy or custom unsupported by factual allegations is insufficient to state a *Monell* claim.

Ms. Smith alleges that the "grand jury action taken was the official policy of the County of Stanislaus." Ms. Smith also argues that the influence of County Counsel on the members of the grand jury demonstrate the County policy and practice. These allegations are insufficient to establish a County policy or procedure. As described more fully above, the actions of the grand jury are the actions of the

Superior Court, not the County. Accordingly, the actions of the grand jury, including the grand jury report, could not qualify as a "custom or policy" of the County. Accordingly, Ms. Smith has failed to state a *Monell* claim against the County for this additional and separate reason.

**Further Leave to Amend**

Although Ms. Smith did not request leave to amend, this Court considers whether to grant leave to file a second amended complaint. Previously, this Court granted Ms. Smith leave to amend with the following caveat:

> Ms. Smith shall have one opportunity to amend her complaint....This Court is beyond busy. Amend only if the facts as alleged exist, and the law cited herein is followed.

Order to Dismiss, p. 7. Ms. Smith's amended complaint contains several fatal flaws that cannot be overcome by amendment. Ms. Smith's claims are based on the actions of the grand jury. As described herein, however, the grand jury enjoys 11th Amendment immunity from suit. In addition, Ms. Smith cannot rely on the actions of grand jury members or the grand jury report to establish a *Monell* claim against the County. For these reasons, this Court finds that further amendment of Ms. Smith's complaint would be futile. *See Adam v. Hawaii*, 235 F.3d 1160 (9th Cir. 2000). Accordingly, this Court DENIES Ms. Smith leave to amend.

**CONCLUSION AND ORDER**

For the foregoing reasons, this Court GRANTS the County's motion to dismiss and DENIES Ms. Smith leave to amend. The clerk of court is DIRECTED to enter judgment in favor of the County and to close this action administratively.

IT IS SO ORDERED.

**Dated:     April 11, 2012**                    /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE